## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRANDY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **Case No.:** |
| | ) |
| JOHN MEADE, individually, and in his | ) |
| official capacity as Internal Security | ) |
| Investigator for the Illinois Department of | ) |
| Human Services, JONN-PAUL OLIVETO, | ) |
| individually, and in his official capacity | ) |
| as an investigator for the Illinois State | ) |
| Police, and THE STATE OF ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., and for her Complaint at Law against Defendants, JOHN MEADE, individually, and in his official capacity as Internal Security Investigator for the Illinois Department of Human Services, JONN-PAUL OLIVETO, individually, and in his official capacity as an investigator for the Illinois State Police, and THE STATE OF ILLINOIS, states and pleads as follows:

## INTRODUCTION

1.  This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988 for claims of civil rights violations arising out of the wrongful arrest, wrongful detention,

malicious prosecution, and conspiracy committed against Plaintiff by Defendants JOHN MEADE, JONN-PAUL OLIVETO, and THE STATE OF ILLINOIS.

2.    Plaintiff alleges, *inter alia*, that in December 2020 and continuing thereafter, Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, engaged in a conspiracy to frame Plaintiff for the December 2020 battery of Susan Kabbes – a crime with which Plaintiff had absolutely no involvement.

3.    Specifically, Plaintiff alleges that Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, committed perjury, fabricated and/or solicited false evidence, intentionally withheld exculpatory evidence, and fraudulently concealed from Plaintiff her cause(s) of action against Defendants, JOHN MEADE, JONN-PAUL OLIVETO, and THE STATE OF ILLINOIS.

4.    Plaintiff maintains that the misconduct committed by Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, was made in furtherance of the established customs, policies, and/or practices of Defendant, THE STATE OF ILLINOIS, whereby Defendant, THE STATE OF ILLINOIS, causes, encourages, and/or permits Illinois State Police officers, state agency investigators, and/or state employees to fabricate and solicit false evidence, commit perjury, and conceal and/or withhold exculpatory evidence so as to obtain a criminal indictment and/or conviction.

5. Plaintiff now seeks justice for the injuries she suffered, redress for her loss of liberty, and remedy for the incredible hardship that she has and will continue to endure as a result.

## PARTIES

6. Plaintiff, BRANDY JOHNSON, is an adult individual whose residence is located at 39935 Walton Lane, in the Village of Beach Park, County of Lake, State of Illinois.

7. Defendant, JOHN MEADE, individually, and in his official capacity as Internal Security Investigator for the Illinois Department of Human Services, is, upon information and belief, an adult individual, resident of the State of Illinois, and former Internal Security Investigator for the Illinois Department of Human Services. At all relevant times, Defendant, JOHN MEADE, was employed by and acting on behalf of Defendant, THE STATE OF ILLINOIS.

8. Defendant, JONN-PAUL OLIVETO, individually, and in his official capacity as an investigator for the Illinois State Police, is, upon information and belief, an adult individual, resident of the State of Illinois, and former officer and/or investigator for the Illinois State Police. At all relevant times, Defendant, JONN-PAUL OLIVETO, was employed by and acting on behalf of Defendant, THE STATE OF ILLINOIS.

9. Defendant, THE STATE OF ILLINOIS, is a constituent state of the United States of America that was at all relevant times the employer and/or principal of Defendants, JOHN MEADE, and JONN-PAUL OLIVETO. Defendant, THE

STATE OF ILLINOIS, is a necessary party to this action and is responsible for judgement.

## JURISDICTION AND VENUE

10. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. §§ 1983, 1988. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(b).

11. Venue is proper in the Eastern Division of the United States District Court for the Northern District of Illinois, where all Defendants reside in the Eastern Division of the Northern District in the State of Illinois, and where a substantial part of Defendants' acts or omissions giving rise to Plaintiff's claims occurred in the Eastern Division of the Northern District in the State of Illinois. 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL DEFENDANTS

### THE SUSAN KABBES INCIDENT

12. Plaintiff restates and incorporates by reference ¶¶ 1-11 of this Complaint at Law as if fully set forth herein as ¶ 12.

13. On or about December 16, 2020, and for a long time prior thereto, Plaintiff was a mental health technician at the Ann Kiley Center (hereinafter "AKC"), a residential state-run facility for disabled persons which is located at 1401 West Dugdale Road, in the City of Waukegan, County of Lake, State of Illinois.

14. On or about December 16, 2020, and at all relevant times, AKC contained a residential unit referred to as "Home 8".

15. On or about December 16, 2020, and for a long time prior thereto, Susan Kabbes (hereinafter "Susan" or "Ms. Kabbes") was a patient residing in Home 8 at AKC.

16. On or about December 16, 2020, it was reported to AKC staff that Susan had been injured. The examining physician noted that Susan's injuries appeared to be less than 14 hours old. **Exhibit A – AKC Injury Report**.[1]

17. On or about December 16, 2020, Plaintiff was not assigned to work in Home 8 and was not present in Home 8 at any point throughout that day; Plaintiff had not worked in Home 8 since December 12, 2020. See, **Investigation Narrative**, attached hereto as **Exhibit B**. Although the Investigation Narrative states that the initials "BJ" were signed on the Home 8 reports for December 13 and December 14, 2020, the initials were those of AKC employee Brittany Jackson – not Plaintiff – and this fact was or reasonably should have been known by Defendants, JOHN MEADE, and JONN-PAUL OLIVETO.

## THE INVESTIGATION

18. On or about December 16, 2020, Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, opened an investigation into the injury of Susan Kabbes.

19. During the course of the aforesaid investigation, Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, interviewed AKC patient Melanie Agriesti

---

[1] Although Exhibit A is within the public record as evidence admitted in 21 CF 214, Plaintiff, exercising an abundance of caution, shall submit Exhibit A to the Court through a separate filing in the interests of protecting Susan Kabbes' confidential medical information.

(hereinafter "Melanie"), who incorrectly reported that Plaintiff had battered Susan Kabbes.

20. While interviewing Melanie, Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, presented her with a photographic line-up and asked her to identify Susan's attacker; the individual identified by Melanie was not Plaintiff, and Melanie claimed she was "100 percent certain" that the person she identified was Susan's attacker.

21. Melanie subsequently told Defendant, JONN-PAUL OLIVETO, that "Nikki" had been "hitting Ms. Kabbes and wouldn't stop". Nikki was later identified as Gaynathia Hodges (hereinafter "Ms. Hodges"), a patient at AKC.

22. Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, thereafter interviewed Ms. Hodges, and subsequently presented her with the same photographic line-up referenced in ¶ 20. Upon reviewing the photos, Ms. Hodges identified Plaintiff as Susan's attacker. However, Ms. Hodges subsequently recanted her previous statements and admitted that Plaintiff was innocent.

23. Following the recantation of Ms. Hodges, Melanie informed Defendants, JOHN MEADE, and JONN-PAUL OLIVETA, that Susan had a history of falling and her injuries were the result of a fall – not a battery by Plaintiff.

24. On or about December 16, 2020, and at all relevant times, AKC staff possessed records of Susan's history of falling and self-inflicted harm, and this

information was known to Defendants, JOHN MEADE, and JONN-PAUL OLIVETA. **Exhibit C – Susan Kabbes Individual Support Plan**. [2]

25. Despite these revelations, Defendant, JOHN MEADE, failed to record the aforesaid exculpatory evidence in any relevant investigation report. However, the aforesaid recantation was recorded in a report by the Illinois States Attorney's Office, wherein it is documented that Defendant, JOHN MEADE, failed to report this critical piece of exculpatory evidence. See, **SA Report**, attached hereto as **Exhibit D**.

26. On or about December 16, 2020, and at all relevant times, Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, knew or reasonably should have known, based upon the evidence they collected, that Plaintiff was innocent of the battery of Susan Kabbes.

## THE PEOPLE V. BRANDY JOHNSON

27. Despite this, on or about February 10, 2021, Plaintiff was arrested and charged with aggravated battery to a disabled person and official misconduct.

28. On or about March 24, 2021, a grand jury (hereinafter "the Grand Jury") was convened in the matter of *People of the State of Illinois v. Brandy Johnson*, 21 CF 214.

29. On or about March 24, 2021, Defendant, JONN-PAUL OLIVETA, testified before the Grand Jury, during which he knowingly and/or intentionally

---

[2] Although Exhibit C is within the public record as evidence admitted in 21 CF 214, Plaintiff, exercising an abundance of caution, shall submit Exhibit C to the Court through a separate filing in the interests of protecting Susan Kabbes' confidential medical information.

testified falsely, providing the Grand Jury with only Ms. Hodge's original false statements, and failing to inform the jury that Ms. Hodges had later recanted her statements and plainly stated that Plaintiff was innocent. *See*, **Transcript of Oliveta Grand Jury Testimony**, attached hereto as **Exhibit E**.

30. On or about March 24, 2021, while testifying before the Grand Jury, Defendant, JONN-PAUL OLIVETA, knowingly and/or intentionally lied to the Grand Jury, stating that Melanie had identified Plaintiff during the aforementioned photographic line-up, and failing to inform the Grand Jury of Susan's fall-history and Melanie's statements that Susan's injuries were the result of a fall. **Exhibit E**.

31. On or about March 24, 2021, the Grand Jury returned an indictment against Plaintiff.

32. During the course of the criminal proceedings against Plaintiff, Defendant, JOHN MEADE, willfully refused to comply with subpoenas, and knowingly and intentionally withheld exculpatory evidence, including but not limited to Ms. Hodges' recantation.

33. On or about October 12, 2021, the State dismissed all charges against Brandy Johnson. *See*, **Order of Dismissal**, attached hereto as **Exhibit F**.

34. On or about January 28, 2022, investigators from the Illinois Inspector General's Office interviewed Plaintiff in connection with the Susan Kabbes Incident. On or about February 8, 2022, the Illinois Inspector General issued a letter stating that the criminal allegations against Plaintiff were

unsubstantiated. *See*, **Inspector General Report**, attached hereto as **Exhibit G**. It was upon the release of the Inspector General Report that Plaintiff first discovered her present cause(s) of action and the extensive efforts by the named Defendants to fraudulently conceal the same.

**COUNT I**
**42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**
**AGAINST DEFENDANT JOHN MEADE**

35. Plaintiff restates and incorporates by reference ¶¶ 1-34 of this Complaint at Law as if fully set forth herein as ¶ 35.

36. Defendant, JOHN MEADE, as an employee, actual or apparent agent, and/or representative of Defendant, THE STATE OF ILLINOIS, caused Plaintiff, through one or more of the following acts or omissions, to be improperly subjected to judicial proceedings for which there was no probable cause:

  a. Knowingly, intentionally, and maliciously accused Plaintiff of criminal activity when Defendant, JOHN MEADE, knew or reasonably should have known those accusations to be without probable cause;

  b. Knowingly, intentionally, and maliciously made false statements to prosecutors with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

  c. Knowingly, intentionally, and maliciously fabricated incriminating evidence against Plaintiff;

  d. Knowingly, intentionally, and maliciously omitted exculpatory evidence during the investigation of the Susan Kabbes incident;

  e. Knowingly, intentionally, and maliciously ignored exculpatory evidence during the investigation of the Susan Kabbes incident; and

  f. Knowingly, intentionally, and maliciously withheld exculpatory evidence from Plaintiff's criminal defense counsel.

9

37. Defendant, JOHN MEADE's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

38. Defendant, JOHN MEADE's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

39. As a result of Defendant, JOHN MEADE's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JOHN MEADE, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

## COUNT II
## 42 U.S.C. § 1983
## WRONGFUL / FALSE ARREST
## AGAINST DEFENDANT JOHN MEADE

40. Plaintiff restates and incorporates by reference ¶¶ 1-39 of this Complaint at Law as if fully set forth herein as ¶ 40.

41. On or about February 10, 2021, and at all relevant times, Defendant, JOHN MEADE, as Internal Security Investigator for the Illinois Department of Human Services and as an employee, actual or apparent agent, and/or representative of Defendant, THE STATE OF ILLINOIS, was under a duty to act as a reasonable Internal Security Investigator and not to wrongfully and/or falsely arrest Plaintiff, BRANDY JOHNSON.

42. On or about February 10, 2021, Defendant, JOHN MEADE, individually and/or as an employee, actual or apparent agent, and/or representative of Defendant, THE STATE OF ILLINOIS, breached the aforesaid duty of care by causing Plaintiff to be arrested, without probable cause, for a crime with which she had no involvement.

43. As set forth in ¶¶ 12-34 *supra*, on or about February 10, 2021, and at all relevant times, Defendant, JOHN MEADE, possessed a wealth of exculpatory evidence, and thus knew or reasonably should have known that Plaintiff was innocent of the crime(s) for which she was arrested.

44. Defendant, JOHN MEADE's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

45. Defendant, JOHN MEADE's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

46. As a result of Defendant, JOHN MEADE's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JOHN MEADE, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

**COUNT III**
**42 U.S.C. § 1983**
**WRONGFUL / FALSE DETENTION**
**AGAINST DEFENDANT JOHN MEADE**

47. Plaintiff restates and incorporates by reference ¶¶ 1-46 of this Complaint at Law as if fully set forth herein as ¶ 47.

48. On or about February 10, 2021, and at all relevant times, Defendant, JOHN MEADE, as Internal Security Investigator for the Illinois Department of Human Services and as an employee, actual or apparent agent, and/or representative of Defendant, THE STATE OF ILLINOIS, was under a duty to act as a reasonable Internal Security Investigator and not to wrongfully and/or falsely detain Plaintiff, BRANDY JOHNSON.

49. On or about February 10, 2021, Defendant, JOHN MEADE, individually and/or as an employee, actual or apparent agent, and/or representative of

12

Defendant, THE STATE OF ILLINOIS, breached the aforesaid duty of care by causing Plaintiff to be detained, without probable cause, for a crime with which she had no involvement.

50.     As set forth in ¶¶ 12-34 *supra*, on or about February 10, 2021, and at all relevant times, Defendant, JOHN MEADE, possessed a wealth of exculpatory evidence, and thus knew or reasonably should have known that Plaintiff was innocent of the crime(s) for which she was detained.

51.     Defendant, JOHN MEADE's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

52.     Defendant, JOHN MEADE's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

53.     As a result of Defendant, JOHN MEADE's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JOHN MEADE, in

an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

**COUNT IV**
**42 U.S.C. § 1983**
**DUE PROCESS VIOLATION**
**<u>AGAINST DEFENDANT JOHN MEADE</u>**

54.  Plaintiff restates and incorporates by reference ¶¶ 1-53 of this Complaint at Law as if fully set forth herein as ¶ 54.

55.  As set forth more fully above, Defendant, JOHN MEADE, while acting individually, and/or jointly and in conspiracy with Defendant, JONN-PAUL OLIVETO, as well as under color of law and within the scope of his employment, actual or apparent agency, and/or representation of Defendant, THE STATE OF ILLINOIS, deprived Plaintiff of her constitutional rights in one or more of the following ways:

   a.  Knowingly, intentionally, and maliciously accused Plaintiff of criminal activity when Defendant, JOHN MEADE, knew or reasonably should have known those accusations to be without probable cause;

   b.  Knowingly, intentionally, and maliciously made false statements to prosecutors with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

   c.  Knowingly, intentionally, and maliciously fabricated incriminating evidence against Plaintiff;

   d.  Knowingly, intentionally, and maliciously failed to record exculpatory evidence during the investigation of the Susan Kabbes incident;

   e.  Knowingly, intentionally, and maliciously ignored exculpatory evidence during the investigation of the Susan Kabbes incident; and

   f.  Knowingly, intentionally, and maliciously withheld exculpatory evidence from Plaintiff's criminal defense counsel.

14

56.     Absent the misconduct described in this Count, the prosecution of Plaintiff could not and would not have been pursued.

57.     Defendant, JOHN MEADE's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

58.     Defendant, JOHN MEADE's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

59.     As a result of Defendant, JOHN MEADE's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JOHN MEADE, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

**COUNT V**
**42 U.S.C. § 1983 – CONSPIRACY**
**AGAINST DEFENDANT JOHN MEADE**

60.     Plaintiff restates and incorporates by reference ¶¶ 1-59 of this Complaint at Law as if fully set forth herein as ¶ 60.

15

61. As set forth more fully above, Defendant, JOHN MEADE, possessed, at all relevant times, a wealth of exculpatory evidence relating to Plaintiff and the Susan Kabbes Incident, and Defendant, JOHN MEADE, made Defendant, JONN-PAUL OLIVETO, aware of this information.

62. At all relevant times, Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, were under agreement amongst themselves to frame Plaintiff for the battery of Susan Kabbes, and thereby deprive Plaintiff of her constitutional rights, all as described in the preceding paragraphs of this Complaint at Law.

63. Defendant, JOHN MEADE, conspired with Defendant, JONN-PAUL OLIVETO, to deprive Plaintiff of exculpatory materials to which she was lawfully entitled, and which would have led to her timelier exoneration of the false criminal charges against her.

64. In the manner described in this Count and the preceding paragraphs of this Complaint at Law, Defendant, JOHN MEADE, acting in concert with his co-conspirator, Defendant, JONN-PAUL OLIVETO, conspired through concerted action to accomplish an unlawful goal by unlawful means.

65. In furtherance of the aforesaid conspiracy, Defendant, JOHN MEADE, acting in concert with his co-conspirator, Defendant, JONN-PAUL OLIVETO, committed overt conspiratorial acts and was an otherwise willful participant in unlawful joint activity through one or more of the following acts or omissions:

a.   Knowingly, intentionally, and maliciously accused Plaintiff of criminal activity when Defendant, JOHN MEADE, knew or reasonably should have known those accusations to be without probable cause;

b.   Knowingly, intentionally, and maliciously made false statements to prosecutors with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

c.   Knowingly, intentionally, and maliciously fabricated incriminating evidence against Plaintiff;

d.   Knowingly, intentionally, and maliciously failed to record exculpatory evidence during the investigation of the Susan Kabbes incident;

e.   Knowingly, intentionally, and maliciously ignored exculpatory evidence during the investigation of the Susan Kabbes incident; and

f.   Knowingly, intentionally, and maliciously withheld exculpatory evidence from Plaintiff's criminal defense counsel.

66.   Defendant, JOHN MEADE's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

67.   Defendant, JOHN MEADE's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

68.   As a result of Defendant, JOHN MEADE's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JOHN MEADE, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

**COUNT VI**
**42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**
**AGAINST DEFENDANT JONN-PAUL OLIVETO**

69.  Plaintiff restates and incorporates by reference ¶¶ 1-68 of this Complaint at Law as if fully set forth herein as ¶ 69.

70.  Defendant, JONN-PAUL OLIVETO, as an employee, actual or apparent agent, and/or representative of Defendant, THE STATE OF ILLINOIS, caused Plaintiff, through one or more of the following acts or omissions, to be improperly subjected to judicial proceedings for which there was no probable cause:

    a.  Knowingly, intentionally, and maliciously accused Plaintiff of criminal activity when Defendant, JONN-PAUL OLIVETO, knew or reasonably should have known those accusations to be without probable cause;

    b.  Knowingly, intentionally, and maliciously made false statements to prosecutors with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

    c.  Knowingly, intentionally, and maliciously made false statements to the Grand Jury with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

    d.  Knowingly, intentionally, and maliciously fabricated incriminating evidence against Plaintiff;

      e.      Knowingly, intentionally, and maliciously omitted exculpatory evidence during the investigation of the Susan Kabbes incident;

      f.      Knowingly, intentionally, and maliciously ignored exculpatory evidence during the investigation of the Susan Kabbes incident; and

      g.      Knowingly, intentionally, and maliciously withheld exculpatory evidence from Plaintiff's criminal defense counsel.

71. Defendant, JONN-PAUL OLIVETO's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

72. Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

73. As a result of Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JONN-PAUL OLIVETO, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

## COUNT VII
## 42 U.S.C. § 1983
## WRONGFUL / FALSE ARREST
## AGAINST DEFENDANT JONN-PAUL OLIVETO

74. Plaintiff restates and incorporates by reference ¶¶ 1-73 of this Complaint at Law as if fully set forth herein as ¶ 74.

75. On or about February 10, 2021, and at all relevant times, Defendant, JONN-PAUL OLIVETO, as an investigator for the Illinois State Police and as an employee, actual or apparent agent, and/or representative of Defendant, THE STATE OF ILLINOIS, was under a duty to act as a reasonable investigator and not to wrongfully and/or falsely arrest Plaintiff, BRANDY JOHNSON.

76. On or about February 10, 2021, Defendant, JONN-PAUL OLIVETO, individually and/or as an employee, actual or apparent agent, and/or representative of Defendant, THE STATE OF ILLINOIS, breached the aforesaid duty of care by causing Plaintiff to be arrested, without probable cause, for a crime with which she had no involvement.

77. As set forth in ¶¶ 12-34 *supra*, on or about February 10, 2021, and at all relevant times, Defendant, JONN-PAUL OLIVETO, possessed a wealth of exculpatory evidence, and thus knew or reasonably should have known that Plaintiff was innocent of the crime(s) for which she was arrested.

78. Defendant, JONN-PAUL OLIVETO's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

20

79.   Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

80.   As a result of Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JONN-PAUL OLIVETO, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

**COUNT VIII**
**42 U.S.C. § 1983**
**WRONGFUL / FALSE DETENTION**
**AGAINST DEFENDANT JONN-PAUL OLIVETO**

81.   Plaintiff restates and incorporates by reference ¶¶ 1-80 of this Complaint at Law as if fully set forth herein as ¶ 81.

82.   On or about February 10, 2021, and at all relevant times, Defendant, JONN-PAUL OLIVETO, as an investigator for the Illinois State Police and as an employee, actual or apparent agent, and/or representative of Defendant, THE

STATE OF ILLINOIS, was under a duty to act as a reasonable investigator and not to wrongfully and/or falsely detain Plaintiff, BRANDY JOHNSON.

83. On or about February 10, 2021, Defendant, JONN-PAUL OLIVETO, individually and/or as an employee, actual or apparent agent, and/or representative of Defendant, THE STATE OF ILLINOIS, breached the aforesaid duty of care by causing Plaintiff to be detained, without probable cause, for a crime with which she had no involvement.

84. As set forth in ¶¶ 12-34 *supra*, on or about February 10, 2021, and at all relevant times, Defendant, JONN-PAUL OLIVETO, possessed a wealth of exculpatory evidence, and thus knew or reasonably should have known that Plaintiff was innocent of the crime(s) for which she was detained.

85. Defendant, JONN-PAUL OLIVETO's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

86. Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

87. As a result of Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JONN-PAUL OLIVETO, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

**COUNT IX**
**42 U.S.C. § 1983**
**DUE PROCESS VIOLATION**
**AGAINST DEFENDANT JONN-PAUL OLIVETO**

88. Plaintiff restates and incorporates by reference ¶¶ 1-87 of this Complaint at Law as if fully set forth herein as ¶ 88.

89. As set forth more fully above, Defendant, JONN-PAUL OLIVETO, while acting individually, and/or jointly and in conspiracy with Defendant, JOHN MEADE, as well as under color of law and within the scope of his employment, actual or apparent agency, and/or representation of Defendant, THE STATE OF ILLINOIS, deprived Plaintiff of her constitutional rights in one or more of the following ways:

    a. Knowingly, intentionally, and maliciously accused Plaintiff of criminal activity when Defendant, JONN-PAUL OLIVETO, knew or reasonably should have known those accusations to be without probable cause;

    b. Knowingly, intentionally, and maliciously made false statements to prosecutors with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

    c. Knowingly, intentionally, and maliciously made false statements to the Grand Jury with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

      d.     Knowingly, intentionally, and maliciously fabricated incriminating evidence against Plaintiff;

      e.     Knowingly, intentionally, and maliciously failed to record exculpatory evidence during the investigation of the Susan Kabbes incident;

      f.     Knowingly, intentionally, and maliciously ignored exculpatory evidence during the investigation of the Susan Kabbes incident; and

      g.     Knowingly, intentionally, and maliciously withheld exculpatory evidence from Plaintiff's criminal defense counsel.

90.    Absent the misconduct described in this Count, the prosecution of Plaintiff could not and would not have been pursued.

91.    Defendant, JONN-PAUL OLIVETO's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

92.    Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

93.    As a result of Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JONN-PAUL

OLIVETO, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

**COUNT X**
**42 U.S.C. § 1983 – CONSPIRACY**
**AGAINST DEFENDANT JONN-PAUL OLIVETO**

94.　Plaintiff restates and incorporates by reference ¶¶ 1-93 of this Complaint at Law as if fully set forth herein as ¶ 94.

95.　As set forth more fully above, Defendant, JONN-PAUL OLIVETO, was, at all relevant times, aware that Defendant, JOHN MEADE, possessed a wealth of exculpatory evidence relating to Plaintiff and the Susan Kabbes Incident.

96.　At all relevant times, Defendants, JONN-PAUL OLIVETO, and JOHN MEADE were under agreement amongst themselves to frame Plaintiff for the battery of Susan Kabbes, and thereby deprive Plaintiff of her constitutional rights, all as described in the preceding paragraphs of this Complaint at Law.

97.　Defendant, JONN-PAUL OLIVETO, conspired with Defendant, JOHN MEADE, to deprive Plaintiff of exculpatory materials to which she was lawfully entitled, and which would have led to her timelier exoneration of the false criminal charges against her.

98.　In the manner described in this Count and the preceding paragraphs of this Complaint at Law, Defendant, JOHN MEADE, acting in concert with his co-conspirator, Defendant, JONN-PAUL OLIVETO, conspired through concerted action to accomplish an unlawful goal by unlawful means.

99.     In furtherance of the aforesaid conspiracy, Defendant, JONN-PAUL OLIVETO, acting in concert with his co-conspirator, Defendant, JOHN MEADE, committed overt conspiratorial acts and was an otherwise willful participant in unlawful joint activity through one or more of the following acts or omissions:

    a.     Knowingly, intentionally, and maliciously accused Plaintiff of criminal activity when Defendant, JONN-PAUL OLIVETO, knew or reasonably should have known those accusations to be without probable cause;

    b.     Knowingly, intentionally, and maliciously made false statements to prosecutors with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

    c.     Knowingly, intentionally, and maliciously made false statements to the Grand Jury with the intent of exerting influence to institute and continue unwarranted criminal proceedings against Plaintiff;

    d.     Knowingly, intentionally, and maliciously fabricated incriminating evidence against Plaintiff;

    e.     Knowingly, intentionally, and maliciously failed to record exculpatory evidence during the investigation of the Susan Kabbes incident;

    f.     Knowingly, intentionally, and maliciously ignored exculpatory evidence during the investigation of the Susan Kabbes incident; and

    g.     Knowingly, intentionally, and maliciously withheld exculpatory evidence from Plaintiff's criminal defense counsel.

100.    Defendant, JONN-PAUL OLIVETO's, conduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

101.    Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count was made in furtherance of the policies, practices, and customs of Defendant, THE STATE OF ILLINOIS.

102.    As a result of Defendant, JONN-PAUL OLIVETO's, misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages set forth above, and has been or will become compelled to pay out divers large sums of money in endeavoring to remedy her injuries.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, JONN-PAUL OLIVETO, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

### COUNT XI
### STATE CLAIM – INDEMNIFICATION
### AGAINST DEFENDANT THE STATE OF ILLINOIS

103.    Plaintiff restates and incorporates by reference ¶¶ 1-102 of this Complaint at Law as if fully set forth herein as ¶ 103.

104.    Illinois Law provides that public entities may be directed to pay any tort judgment for compensatory damages for injuries resulting from the conduct of its employees while acting within the scope of their employment.

105.    While committing the misconduct alleged in the preceding paragraphs of this Complaint at Law, Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, were the employees, actual or apparent agents, and/or representatives of THE STATE OF ILLINOIS, acting within the scope of their employment, actual or apparent agency, and/or representation of the same.

106.    Defendant, THE STATE OF ILLINOIS, is obligated under Illinois law to pay any judgment entered against Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, for the misconduct committed by Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, while acting within the scope of their employment, actual or apparent agency, and/ or representation of Defendant, THE STATE OF ILLINOIS.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, THE STATE OF ILLINOIS, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

**COUNT XII**
**42 U.S.C. § 1983 – *MONELL* CLAIM**
**AGAINST DEFENDANT THE STATE OF ILLINOIS**

107.    Plaintiff restates and incorporates by reference ¶¶ 1-106 of this Complaint at Law as if fully set forth herein as ¶ 107.

108. At all relevant times, and for a period of time prior, Defendant, THE STATE OF ILLINOIS, individually, and/or by and through its employees, actual or apparent agents, and/or representatives, had notice of a widespread practice whereby Illinois State Police officers fabricate and solicit false evidence, commit perjury, and conceal and/or withhold exculpatory evidence so as to obtain a criminal indictment and/or conviction.

109. The aforementioned practices, etc., were widespread and allowed to flourish due to the inaction of Defendant, THE STATE OF ILLINOIS, by and through its employees, actual or apparent agents, and/or representatives, which directly encouraged and was the moving force behind the very type of misconduct at issue in this Complaint at Law through its failure to adequately train, supervise, and/or control its employees and/or agents on proper investigation, arrest, and other procedures, and through its failure to adequately reprimand and discipline prior instances of similar misconduct, thereby directly encouraging further abuses similar to those suffered by Plaintiff.

110. The aforementioned practices, etc., are so well-settled as to constitute *de facto* policies and procedures of Defendant, THE STATE OF ILLINOIS, individually, and/or by and through its employees, actual or apparent agents, and/or representatives, and existed and thrived because policymakers with authority exhibited deliberate indifference to the problem, thereby ratifying it.

111.    Plaintiff's injuries as described in this Complaint at Law were caused by the employees, actual or apparent agents, and/or representatives of Defendant, THE STATE OF ILLINOIS, including but not limited to Defendants, JOHN MEADE, and JONN-PAUL OLIVETO, who, through the misconduct alleged in this Complaint at Law, acted pursuant to the aforementioned policies, practices, procedures, and customs of Defendant, THE STATE OF ILLINOIS.

WHEREFORE, the Plaintiff, BRANDY JOHNSON, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and STONE & ASSOCIATES, LTD., prays that this Honorable Court enter a judgment against Defendant, THE STATE OF ILLINOIS, in an amount to exceed the jurisdictional limits of this Court, and for such additional relief as the jury and the Court deem proper, including the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

|  |  |
|---|---|
| | Respectfully Submitted, |
| O'Connor Law Firm, Ltd. | |
| Kevin W. O'Connor | ARDC No.: 6216627 | */s/ Kevin W. O'Connor* |
| 100 South Wacker Drive, Suite 350 | Attorney for the Plaintiff |
| Chicago, Illinois 60606 | |
| P: (312)906-7609 | F: (312) 263-1913 | |
| firm@koconnorlaw.com | |
| | */s/ Jed Stone* |
| Stone & Associates, Ltd. | Co-counsel for the Plaintiff |
| Jed Stone | |
| 325 Washington Street, Suite 400 | |
| Waukegan, Illinois 60085 | |
| P: (847) 336-7888 | F: (847) 336-0733 | |
| jstone@jedstone.com | |